Spear *v.* Wardell.

---

### SPEAR and another *vs.* WARDELL and others.

Where a debtor prosecuted by warrant pursuant to the *third* and subsequent sections of the act " to abolish imprisonment for debt and to punish fraudulent debtors," (*Stat.* 1831, *p.* 396,) is adjudged guilty of the facts alleged in the affidavit upon which the warrant issued, and thereupon, to procure his discharge, presents an inventory and makes an assignment according to the *third* subdivision of the *tenth* section of the act; the prosecuting creditor is entitled to priority of payment out of the property assigned over the general creditors of the debtor.

And a voluntary assignment by the debtor for the benefit of all his creditors without preference, made after his arrest and before the adjudication, is a fraud upon the act and is void as against the prosecuting creditor.

APPEAL from an order of the court of chancery. The complainants being judgment creditors of C. and C. E. Wardell, on

the 5th of November, 1846, called on and requested them to apply certain notes and evidences of debt of which they were possessed to the payment of the judgment, which they refused to do. The complainants, upon an affidavit of such request and refusal, immediately procured a warrant to be issued against the judgment debtors, pursuant to the act to abolish imprisonment for debt, &c. (*Stat.* 1831, *p.* 396, §4, *sub.* 2;) upon which they were brought before the judge who issued it; who, after several adjournments, on the 28th day of the same month decided that the allegations contained in the affidavit were substantiated, and that the debtors should be committed pursuant to the act. After the arrest upon the warrant, and before the adjudication, the debtors made a general assignment of their property to H. B. Wardell, as a trustee for the benefit of all their creditors—the proceeds to be distributed ratably among them. After the adjudication, they presented to the judge an inventory of their estate and an account of their creditors, and prayed that their property might be assigned, and they be discharged according to the third subdivision of the tenth section of the act. The complainants opposed this application, but the judge directed an assignment to be made to S. P. Nash; which being executed and certified according to the statute, he granted a discharge. The complainants, though they had not taken out execution on their judgment, then filed their bill in this cause against the judgment debtors, and H. B. Wardell, the voluntary assignee, to reach the assigned property in his hands and have it applied to the payment of their debt. An injunction having been issued against H. B. Wardell, he applied on motion to have it dissolved; and the complainants at the same time moved for the appointment of a receiver. The motions came on at the same time, and were argued by *S. P. Nash,* for the complainants, and *H. F. Clark,* for the defendants.

The chancellor being of opinion that the complainants had not secured a right to a priority of payment, and that the assignment made pursuant to the application of the debtors, after the adjudication upon the warrant, to Mr. Nash, vested the property which passed by that assignment in him as a trustee for all the

creditors of the assignors, ratably, and not for the benefit of the complainants exclusively, nor even for that portion of his creditors who were in a situation to sue out warrants against him, made an order dissolving the injunction and denied the motion for a receiver. For his opinion delivered on that occasion, see the report of the case in 1 *Barbour's Ch. R.* 290. From this order the complainants appealed.

The cause having been argued in the court of appeals, that court, holding that by the true construction of the provisions of the act under consideration, the complainants, in consequence of their proceedings, had acquired a right to priority of payment out of the assets of the debtors, and that the voluntary assignment to H. B. Wardell was a fraud upon that statute, *reversed* the order of the chancellor which had been appealed from.